UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-22A, | ) ) ) ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | 2:19-cv-00514-LEW |
| JEFFREY DENNER, et al., | ) ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S MOTION
FOR SERVICE BY PUBLICATION**

Plaintiff seeks leave to serve Defendant Quinn Jefferson Denner with the complaint and summons by publication. (Motion, ECF No. 55.) After review of the motion and the record, the Court grants the motion and authorizes Plaintiff to serve Defendant Quinn Jefferson Denner by publication and other alternate means.

**FACTUAL BACKGROUND**

Plaintiff asserts it has made the following attempts to serve Defendant Denner:

1. Plaintiff conducted several internet searches to locate Defendant Denner's residence. The search revealed an address in Austin, Texas. The search also revealed other known past addresses for Defendant Denner.

2. Service was attempted on Defendant Denner at 3707 Manchaca Road, Apt. 243, Austin, Texas 78704, on November 17, 21 and 24, 2020.

3. Following the service attempt on November 24, 2020, the process server received a phone call from a person claiming to be the current resident at 3707 Manchaca Road, Apt. 243, Austin, Texas 78704. The person stated that the person did not know Defendant Denner.

4. On December 8, 2020, service was attempted on Defendant Denner at 151 Elm Street, Apt. 2, Somerville, Massachusetts 02144. The current resident informed the process server that Defendant Denner was a former roommate at the residence but had moved to Austin, Texas two years prior. The current resident stated that he did not have a current address for Defendant Denner.

5. On January 25, 2021, service was attempted on Defendant Denner at 607 North Avenue, Wakefield, Massachusetts 01880. The address is the law office of Defendant Denner's father. The process server reported that Defendant Denner neither resided nor worked at the address, that Defendant Denner was in Costa Rica until January 31, 2021, and that he resides in Austin, Texas.

6. On February 22, 2021, service was again attempted on Defendant Denner at 3707 Manchaca Road, Apt. 243, Austin, Texas 78704. The occupant stated he was not Defendant Denner, he did not receive mail for Defendant Denner, and he had occupied the residence since Thanksgiving.

7. On February 25, 2021, service was attempted on Defendant Denner at 1605 Sylvan Drive, Austin, Texas 78741. The occupant stated that the occupant was not Defendant Denner, did not know Defendant Denner, and that the residence was an Airbnb, with people constantly coming and going.

8. Plaintiff conducted further internet searches but could locate no alternate addresses for Defendant Denner.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, delivering a copy to an agent authorized by appointment

or by law to receive service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district is located or where service is made. Fed. R. Civ. P. 4(e). In addition to the traditional method of personal service, Maine law provides for alternate means of serving a summons and complaint, "upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1).

Alternate means of service include leaving the summons, complaint, and the order authorizing service by alternate means at the individual's dwelling house or usual place of abode, by publication unless a statute provides another method of notice, or by electronic or any other means not prohibited by law. *Id.* A motion for service by alternate means must be supported by an affidavit demonstrating that:

> (A) The moving party has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute;
>
> (B) The identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process; and
>
> (C) The requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit.

Me. R. Civ. P. 4(g)(1).

Here, Plaintiff has demonstrated its diligence in its efforts to serve Defendant Denner by customary methods, has demonstrated that its efforts have been unsuccessful and has demonstrated that further similar efforts are unlikely to be successful. The issue is

whether the alternate service proposed by Plaintiff (i.e., by publication) is appropriate in this case.

"Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the action." *Gaeth v. Deacon,* 2009 ME 9, ¶ 23, 964 A.2d 621, 627. Although the Maine Rules of Civil Procedure continue to authorize service by publication in some circumstances, this method of providing notice "developed at a time when newspapers were the only means of print mass communication, and when newspapers were more widely and intensely read than is now the case." *Id.*, 2009 ME 9, ¶ 25, 964 A.2d at 627. For this reason, the Maine Supreme Judicial Court has described service by publication as a "last resort":

> Because service by publication has become less likely to achieve actual notice of a lawsuit, it is also less likely to meet the requirements of due process. *See Grannis* [*v. Ordean*]*,* 234 U.S. [385] at 394, 34 S. Ct. 779 [(1914)]. Today, just as one hundred years ago, notice of a suit must be given in the manner "most reasonably calculated to apprise the defendant" of the pendency of a suit. *Lewien* [*v. Cohen*]*,* 432 A.2d [800] at 804–05 [(Me. 1981)]. Accordingly, because of the recent societal changes, service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 4.13 at 98–100 (2d ed.1970); *see also* M.R. Civ. P. 4(g)(1) (mandating that courts may order service by publication only upon motion showing that "*service cannot with due diligence be made* by another prescribed method" (emphasis added)). "When a party's identity and location are reasonably ascertainable, notice by publication is not reasonably calculated to provide actual notice of the pending proceeding." *Phillips* [*v. Johnson*]*,* 2003 ME 127, ¶ 27 n. 12, 834 A.2d at 946 (quotation marks omitted). Thus, "service by publication should occur only when notice cannot be accomplished by other means." *Id.* ¶ 27, 834 A.2d at 946.

4

*Gaeth*, 2009 ME 9, ¶ 26, 964 A.2d at 628 (footnote omitted).[1]

The law, however, recognizes that "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950). When service by publication is authorized, it is generally authorized in combination with other means of making service. *Mullane*, 339 U.S. at 316 ("It is true that publication traditionally has been acceptable as notification supplemental to other action which in itself may reasonably be expected to convey a warning.").

In this case, service by publication, together with mailing a copy of the summons and complaint to Defendant Denner's last known addresses on Machaca Road and Sylvan Drive in Austin, Texas, and to Defendant's attention at the law office of Defendant Denner's father would constitute reasonable measures to provide Defendant Denner with notice of this action.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's motion for service by publication. Plaintiff shall serve Defendant Denner (1) by mailing a copy of the summons, complaint, this order, and the order for service by publication to the addresses associated

---

[1] As early as 1950, the United States Supreme Court expressed doubts about the sufficiency of notice by publication. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.").

with Defendant Denner on Machaca Road and Sylvan Drive in Austin, Texas, (2) by mailing a copy of the summons, complaint, this order, and the order for service by publication to Defendant's attention at the law office of Defendant Denner's father at 607 North Avenue, Wakefield, Massachusetts 01880, and (3) by publication in accordance with Maine Rule of Civil Procedure 4(g) and pursuant to the order for service by publication issued with this order.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of April, 2021.